**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT C.,**

                         **Plaintiff,**

    v.                                                                   5:19-CV-00693

**COMMISSIONER OF SOCIAL SECURITY,**

                         **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION and ORDER

**I.    INTRODUCTION**

Plaintiff Robert C. applies for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Dkt. No. 15.[1] The Commissioner of Social Security ("Commissioner") opposes the application, arguing that the government's defensive position was substantially justified, and that the administrative law judge's ("ALJ") analysis and the Commissioner's defense thereof were factually and legally reasonable. Dkt. No. 16.[2] In the alternative, the Commissioner objects to the fees

---

[1] It is unclear the actual amount of the award Plaintiff seeks. In his Notice of Motion and Attorney Affirmation, Plaintiff seeks $7,266.75 in attorney's fees and $400.00 in costs. *See* Dkt. 15 (Notice of Motion); Dkt. No. 15-2 (Attorney Affirmation), at CM/ECF p. 5. In his Memorandum of Law, Plaintiff seeks $6,620.75 in attorney's fees and $400.00 in costs. *See* Dkt. No. 15-3 (Pl. Mem. L.), at 1, 6.

[2] The Commissioner does not dispute that Plaintiff timely filed his fee application, that Plaintiff is an eligible party under 28 U.S.C. §2412(d)(1), or that Plaintiff is a prevailing party within the meaning of the EAJA.

1

requested as excessive. *Id.*

## II.     BACKGROUND

The Court presume familiarity with the background of this case.  Suffice it to say that this is Plaintiff's second civil action arising from his October 1, 2012 application for disability benefits.  Two Administrative Law Judges, ALJ Marie Greener and ALJ Elizabeth Koennecke, have reviewed the record evidence and found that Plaintiff is not disabled as defined in the Social Security Act.  Tr. 12-21, 336-43.  On September 28, 2016, the Hon. Mae A. D'Agostino reversed and remanded ALJ Greener's decision.  On the issue as to whether substantial evidence supported the conclusion that there were jobs in significant numbers in the national economy that Plaintiff could perform, Judge D' Agostino held that Plaintiff's inability to reach overhead was a significant nonexertional limitation and required the use of a vocational expert ("VE") at step five of the sequential evaluation in order for the Commissioner to meet his burden of proof.  Tr. 444-45.  Because a VE had not testified, Judge D' Agostino reversed the Commissioner's decision and remanded the case "for a step-five determination on whether there are a significant number of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience." Tr. 445.  In addition, Judge D' Agostino directed that on remand "the ALJ should also take into consideration whether the frequency of Plaintiff's physical therapy appointments during the period of alleged disability would have precluded employment." (Tr. 445).   As this Court stated, "Judge D'Agostino's remand order was specific to two issues: (1) whether there are a significant number of jobs in the national economy that Plaintiff can perform given his RFC, age,

education, and work experience; and (2) whether the frequency of Plaintiff's physical therapy appointments during the period of alleged disability would have precluded employment." Dkt. No. 13, at 17.

Upon remand, ALJ Koennecke held a hearing on October 25, 2017 during which Plaintiff and a VE testified. Tr. 355-68. In a decision dated November 1, 2017, ALJ Koennecke found Plaintiff not disabled from October 27, 2011 through April 9, 2013, the requested closed period. Tr. 336-43. In challenging the ALJ's decision on appeal, Plaintiff argued that the ALJ improperly considered the physical therapy evidence, did not properly recognize the limited burden shifting at step five, and failed to give proper weight to the opinion of Dr. Choung. Dkt. No. 9, at 10-13.

The first issue turned on whether the ALJ properly considered that the frequency of Plaintiff's physical therapy appointments during the period of alleged disability would have precluded employment. *See* Dkt. No. 13, at 14-17. Plaintiff contended that the ALJ's analysis was flawed because she mischaracterized Plaintiff's testimony and the record regarding his physical therapy appointments. *Id.*, at 14. In this regard, ALJ Koennecke stated that Plaintiff attended approximately 96 physical therapy sessions during the relevant period. *Id.* She went on to state that this averaged out to approximately five visits per month over the roughly 18-month closed period rather than three to four visits per week, as Plaintiff had testified. *Id.* Plaintiff claimed this analysis failed to consider that he did not attend physical therapy for approximately the first six months of the relevant period and that there were also gaps in this physical therapy regimen after each surgery. *Id.* The Commissioner agreed that Plaintiff did not attend physical therapy between October 2011

3

and April 2012, and that there was an approximate three-week gap in physical therapy after a third surgery in October 2012 and another three-week gap in January 2013. *Id.*, at 14-15.   However, the Commissioner contended that "these facts are not helpful to Plaintiff because these gaps disqualify the physical therapy as an insufficient, non-continuous duration of impairment." *Id.,* at 15.  The Court found this argument "unavailing because it ignores Judge D'Agostino's direction for the ALJ to consider whether the frequency of Plaintiff's physical therapy appointments during the period of alleged disability would have precluded employment, and raised an issue beyond the scope of the remand order." *Id*.

> Next, the Commissioner argued that
>
> Plaintiff's blanket assertion that he went to physical therapy "several times per week" is inaccurate (Pl. Br. at 6).  During the vast majority of his treatment course, Plaintiff attended physical therapy only one (5 weeks – 12.2%) or two times per week (23 weeks – 56.1%) (Tr. 504-09).  He attended three times during 9 weeks (22.0%), four times during 3 weeks (7.3%), and, in a single instance, five times during his final week (2.4%) (*Id.*).

*Id*., at 16.   From this the Commissioner contended that "ALJ Koennecke's description of Plaintiff's physical therapy schedule is more accurate than Plaintiff's representation." *Id.* The Court concluded that "[w]hile this argument may be correct based upon the Commissioner's analysis of Plaintiff's evidence regarding his physical therapy sessions, the ALJ did not provide this specific analysis." *Id.* at 16-17.  The Court found that, "as Plaintiff argue[d], [the ALJ] appears to have based her conclusion on the overall number of physical therapy sessions during the closed period but not on a specific weekly analysis similar to that provided by the Commissioner." *Id.* at 17.   The Court concluded that "[a]lthough the Commissioner's analysis appears correct," it was not for the Court to

determine what the ALJ might have concluded based upon the evidence, but rather had to base its decision on what the ALJ stated in her opinion. *Id.* The Court found that "[b]ecause the ALJ based her determination on a faulty determination of the monthly frequency of Plaintiff's physical therapy sessions, the Court [was] unable to say that the ALJ's conclusion is correct under a theory that the same results would have obtained under the Commissioner's analysis." *Id.* The Court remanded the case "for the ALJ to make a specific finding whether the frequency of Plaintiff's actual physical therapy sessions was such that he would be disqualified from work." *Id.*; *see id.* ("The matter must be remanded for the ALJ to specifically address Judge D'Agostino's direction to determine whether the frequency of the physical therapy sessions Plaintiff attended disqualified him from employment.").

The Court did not find any error at step five or in the weight afforded to Dr. Choung's opinion, concluding that Plaintiff's step five argument was "without merit," and that the argument regarding Dr. Choung's opinion was beyond the scope of the original remand order and barred by the law of the case doctrine. *Id.*, at 18-21.

### III. DISCUSSION

#### a. Substantially Justified

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The party seeking attorney's fees must allege that the

5

position of the Government was not substantially justified. *Knapp v. Astrue*, No. 3:10-CV-1218 (MAD/ATB), 2011 WL 4916515, at *2 (N.D.N.Y. Oct. 17, 2011)(citations omitted). "Once the plaintiff has done so, the burden shifts to the Commissioner to establish that its opposition was substantially justified." *Id.* (citing *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir.1999)); *see Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007)(The government "bears the burden of showing that its position was 'substantially justified.'"). "The Commissioner cannot prevail by arguing that he was substantially justified in some of the positions he took if he was not substantially justified on all the positions." *Rachel C. v. Kijakazi*, No. 3:19-CV-0954 (DEP), 2022 WL 2643582, at *3 (N.D.N.Y. July 8, 2022)(internal quotation marks and citations omitted). Thus, here "[t]he Commissioner must show that his position was substantially justified as to the issue upon which [the] Court remanded." *Bartha v. Comm'r of Soc. Sec.*, No. 18-CV-0168-MJP, 2020 WL 2315578, at *1 (W.D.N.Y. May 11, 2020)(citing *Maxey v. Chater*, No. 93-CV-606 (RSP/GJD), 1996 WL 492906, at *3) (N.D.N.Y. Aug. 28, 1996)).

> To be substantially justified, the government's position must have a "reasonable basis both in law and fact," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted)—that is, the government must "make a strong showing that its action was justified to a degree that could satisfy a reasonable person," *Healey*, 485 F.3d at 67 (internal quotation marks omitted); *Env't Def. Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir. 1983) ("The test for determining whether the government's position is substantially justified is essentially one of reasonableness." (internal quotation marks omitted)). The outcome of the underlying case is not dispositive of whether the government's position was substantially justified, as "[c]onceivably, the Government could take a position that is not substantially justified, yet win ... , [or] it could take a position that is substantially justified, yet lose." *Pierce*, 487 U.S. at 569. A court reviewing the "position of the United States" looks to both "the position taken by the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *see*

> *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 82 (2d Cir. 2009). Moreover, a "court should not perform separate evaluations of the Government's position at each stage of the proceedings," *United States v. $19,047.00 in U.S. Currency*, 95 F.3d 248, 251 (2d Cir. 1996), but instead, make "only one threshold determination for the entire civil action," *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 159 (1990).

*Criscitello v. Kijakazi*, No. 21-1222-CV, 2022 WL 1510707, at *1 (2d Cir. May 13, 2022)(Summary Order).

"Courts have held that the substantially justified standard '[i]s intended to caution agencies to carefully evaluate their case and not to pursue those which are weak or tenuous. At the same time, the language of the section protects the government when its case, though not prevailing, has a reasonable basis in law and fact.'" *Knapp v. Astrue*, No. 3:10-CV-1218 (MAD/ATB), 2011 WL 4916515, at *1-2 (N.D.N.Y. Oct. 17, 2011)(quoting *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1998)). As the Second Circuit has noted, "'there is no congruence between the 'substantial evidence' standard and the 'substantially justified' standard.'" *Miles ex rel. J.M. v. Astrue*, 502 F. App'x 59, 60 (2d Cir. 2012) (quoting *Sotelo–Aquije v. Slattery*, 62 F.3d 54, 58 (2d Cir.1995)). "Thus, 'a reversal based on the hazy contours of the substantial evidence rule does not necessarily mean that the position of the Government was not substantially justified.'" *Id.*, at 60-61 (quoting *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir.1988) (internal quotation marks omitted)).

Plaintiff argues that "the Commissioner's position which forced Plaintiff to bring this action" was not substantially justified and had no reasonable basis in law or in fact because "[t]he Commissioner did not provide in its decision the specific analysis and reasoning for its statement that the Administrative Law Judge's description of Plaintiff's physical therapy schedule is more accurate than Plaintiff's representation." Dkt. 15-3, at

7

4. Additionally, Plaintiff contends, "the Commissioner also failed to consider whether the frequency of Plaintiff's physical therapy appointments during the period of the alleged disability would have precluded employment." *Id.* Plaintiff asserts:

> There is no substantial evidence in the Record to support the Commissioner's conclusion that the Plaintiff could maintain employment during the alleged period of disability. While the Commissioner relied on portions of evidence that supported his findings, he failed to give any consideration to the overwhelming quantity of evidence that failed to support his findings. The Commissioner failed to make necessary specific factual findings about Plaintiff's capabilities to support his residual functional capacity determination, thereby denying Plaintiff due process and an evaluation of his claim as required by law.

Dkt. 15-2, at CM/ECF p. 4. This is sufficient to shift the burden to the Commissioner to demonstrate that the Government's position in this matter was substantially justified. *See Healey*, 485 F.3d at 67.

The Commissioner argues that the Court's Decision and Order supports a finding of substantial justification. Dkt. No. 16. In this regard, the Commissioner contends that "[t]he Court suggested several times that the Commissioner's analysis might well be correct, although remand was required for further articulation by the ALJ." *Id.* at 1. The Commissioner argues that given the Court's analysis contained in its Decision and Order, the Commissioner's defense of the ALJ's findings and ultimate determination was reasonable and that such reasonableness warrants a finding that the Commissioner's position was substantially justified. *Id.*, at 4.

The Court finds that the Commissioner has met his burden of establishing that the Government's position in this matter was substantially justified. As indicated above, the Court agreed with the Commissioner's arguments that there was no error at step five or in

8

the weight afforded to Dr. Choung's opinion.  Further, despite finding that the ALJ had improperly calculated the frequency of Plaintiff's physical therapy appointments by applying a monthly average over the relevant period, the Court acknowledged that "ALJ Koennecke's description (apparently based on the number represented in Plaintiff's counsel's correspondence (Tr. 502)) is actually generous to Plaintiff as it includes two cancelled appointments on August 3 and 30, 2012, and a no-show on November 19, 2012 that was rescheduled for the same day." Dkt. No. 13, at 14 n. 5 (citing Tr. 505-07).  The Court also found that the Commissioner's argument that ALJ Koennecke's description of Plaintiff's physical therapy schedule is more accurate than Plaintiff's representation "may be correct based upon the Commissioner's analysis of Plaintiff's evidence regarding his physical therapy sessions," but remanded the matter because "the ALJ did not provide this specific analysis." Dkt. No. 13, at 16-17 (citing Dkt. No. 12, at 10).  The Court indicated that it was remanding the case because the ALJ "appears to have based her conclusion on the overall number of physical therapy sessions during the closed period but not on a specific weekly analysis similar to that provided by the Commissioner." Dkt. No. 13, at 17. Ultimately, the Court remanded the case "for the ALJ to specifically address Judge D'Agostino's direction to determine whether the frequency of the physical therapy sessions Plaintiff attended disqualified him from employment." Dkt. No. 13, at 17.

  However, as the Commissioner points out, the ALJ stated that Plaintiff testified that physical therapy appointments started as early as 8:00 am and that there was no evidence that Plaintiff could not have scheduled his physical therapy around a work schedule. Dkt. No. 16, at 4, n. 1 (citing Tr. 341, 361-62).  This, by itself, does not necessarily resolve the question whether the frequency of the physical therapy sessions Plaintiff attended

9

disqualified him from employment. It does, however, impact the question whether the Commissioner's defense was substantially justified.

Further, some courts have held that the failure of an ALJ to adequately explain his or her findings, as was the circumstance here, does not establish that the denial of benefits lacked substantial justification or that the Commissioner's defense of that position was unreasonable. *See DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 727 (6th Cir. 2014) ("an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification"); *Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011)("[I]t typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified – something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis."); *see also Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014)("The government's position in defending the ALJ's analysis might be substantially justified despite remand, for example, where remand was based solely on the ALJ's 'failure to *explain* his findings adequately' and not on 'the weight he found appropriate for various medical opinions.'")(quoting *DeLong*, 748 F.3d at 727)(emphasis in *DeLong*).

For reasons discussed above, the determination whether the ALJ erred in carrying out Judge D'Agostino's remand order was, at best, a close call. The Court's remand order was limited to the narrow issue of whether the ALJ adequately resolved Judge D'Agostino's direction to determine whether the frequency of Plaintiff's physical therapy sessions precluded him from employment. Although the ALJ attempted to do so, the

Court found that she used a faulty premise in accounting for the number and frequency of Plaintiff's physical therapy sessions during the relevant period. Again, it was a close call and Plaintiff's testimony that physical therapy sessions started at 8:00 am provided some factual support for the Commissioner's position. Under the circumstances, the Commissioner's position defending the ALJ's decision in this regard was not unreasonable. *See, e.g., $19,047.00 in U.S. Currency*, 95 F.3d at 251 (stating that, even after determining that an agency's decision was incorrect, "a district court could still conclude that the Government agency's position was substantially justified by considering the closeness of the [legal] question [and] the particular circumstances of the case"); *see also, Criscitello*, 2022 WL 1510707, at *2 ("[T]he district court emphasized the 'closeness' of the underlying action. Under [the] deferential standard of review that we must apply, we find no basis to conclude that the district court abused its discretion in [denying the plaintiff's application for an award of attorneys' fees under the EAJA].").

For these reasons, the Court finds that the Commissioner has established that the Government's position in this action was substantially justified. Accordingly, Plaintiff's application for an award of attorney's fees under the EAJA is denied.

### b.  Amount of Attorney's Fees Requested

Inasmuch as the Court has found that Plaintiff is not entitled to an award of attorney's fees under the EAJA, the Court has no reason to address the Commissioner's argument that Plaintiff's requested fees are excessive.

## IV.    CONCLUSION

For the reasons discussed above, Plaintiff's application for an award of attorney's

11

fees under the EAJA [Dkt. No. 15] is **DENIED** in all respects.

**IT IS SO ORDERED.**

Dated: July 27, 2022

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge